IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 10, 2005

## ASBERT F. JOSEPH v. EX PARTE

**Appeal from the Circuit Court for Davidson County**
**No. 04C-1186     Thomas Brothers, Judge**

———————————

**No. M2004-01651-COA R3-CV - Filed January 21, 2005**

———————————

The appellant filed an ex parte petition for name change, but failed to pay a portion of the filing fee (20%). The petition was dismissed. We affirm.

**Tenn. R. App. P. 3 Appeal as a Right; Judgment of the Circuit Court Affirmed**

WILLIAM H. INMAN, SR. J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., P.J.M.S., and WILLIAM B. CAIN, J., joined.

Asbert Joseph, *pro se*.

Ex parte (name change).

### OPINION

This *pro se* petition for a name change was filed by the appellant in the Davidson County Circuit Court, which dismissed the petition owing to the failure of the appellant to tender a partial payment of the filing fee as required by Tenn. Code Ann. § 41-21-807, *et seq.*

The statutory scheme provides that an inmate who files a civil action is required to pay the full amount of the filing fee, but the court shall collect as a partial payment of the fee twenty percent of the average monthly deposits to the inmates account or twenty percent of the account balance for a six-month period preceding the filing of the action. Tenn. Code Ann. § 41-21-807(b)(1).

The appellant concedes that he did not pay the filing fee, or any portion of it. He argues on appeal that it was the duty of the Clerk, or the Court, to determine the amount of the filing fee and advise the appropriate prison official of the required amount which would then be deducted from the inmate's trust account and forwarded to the Clerk. But this requirement is activated after the inmate has paid the partial filing fee. The statutory scheme was adopted in 1996 owing to the inordinate number of civil actions filed by prisoners and clearly has a reasonable basis in law and fact.

The judgment of the Circuit Court is affirmed, with costs assessed to the appellant.


_____
WILLIAM H. INMAN, SENIOR JUDGE